cured, held sufficient grounds for revocation of certificate.

(Marshall, CJ., and Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### HALLIDAY v. P. U. C.

Ohio Supreme Court.

No. 20768. Decided Mar. 28, 1928.

Error to P. U. C.

Order affirmed.

Syllabus by Editorial Staff.

**991. RAILROADS—973 Public Utilities Commission.**

1. On application for order to install switch track connection, motion, by railroad, to dismiss application may be treated as demurrer to petition and supporting evidence.

2. That building is still under construction, that no business has been transacted upon premises, that no shipment has been tendered, and that there is no definite proof of future business that would be furnished to railroad, held sufficient grounds for dismissal of application.

3. Public Utilities Commission authorized, by statute, to supervise railroads and make reasonable orders.

(Marshall, CJ., and Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### AMER. LAUND. MACH. CO. v. DANEMAN et.

Ohio Supreme Court.

No. 20703. Decided Apr. 11, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

Syllabus by Editorial Staff.

**106. ASSIGNMENTS—456 Employer and Employe.**

1. Assignment of future wages, under existing employment, held valid.

2. Section 6346-12 GC., authorizes assignment of not more than 50% of personal earnings. Portion of wages so authorized, may be validly assigned without acceptance of employer.

(Marshall, CJ., and Day, Allen, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### CHARPIOT v. STATE ex Scott.

Ohio Supreme Court.

No. 20949. Decided June 13, 1928.

Error to Williams Appeals.

Judgment reversed.

**362a. DECEDENTS' ESTATES—126 Banks**

and Banking—147 Bills, Notes and Checks— 1197 Trusts and Trustees.

1. Note held by private bank does not descend to heirs of owner.

2. Heirs do not have even beneficial interest in such note.

3. Transfer, by heirs, does not pass title.

4. Where incorporated bank, without authority, seizes assets of such private bank, and administers estate, it becomes trustee.

5. Court of equity may entertain action by superintendent of banks, or other trustee as liquidator of such seizing bank, against maker of note. Such action must be predicated upon showing that assets of seized bank and of estate of private owner, not sufficient to pay indebtedness of private bank, and recovery will be limited to such sum as will cover deficiency.

**ROBINSON, J.**

1. An accommodation note, held by a privately and solely owned bank, does not devolve upon the heirs of the owner of such bank, by descent, upon the death of such owner.

2. Such heirs do not have even a beneficial interest in such note or its proceeds.

3. A transfer of such note by the heirs of such deceased owner of such bank does not invest the transferee with any title to such note.

4. Where an incorporated bank, without authority, seizes the assets of such a privately owned bank, upon the death of the owner, and administers its estate, it thereby becomes a trustee de son tort for the benefit of creditors, and may be required to account for its trusteeship.

5. A court of equity may entertain an action by the superintendent of banks of this state, or by any other trustee as liquidator of such seizing bank, against the maker of an accommodation note to the bank so seized; but his recovery upon such note must be predicated upon a showing that the assets of such seized bank and the assets of the estate of the private owner of such bank, undiminished by diversion or distribution, are or were insufficient to pay the indebtedness of the privately owned bank, and his recovery will be limited to such sum as will cover such deficiency.

(Marshall, CJ., Day, Allen and Matthias, JJ., concur.)

---

### BANANA SALES CORP. v. CHUCHANIS

Ohio Supreme Court.

No. 21003. Decided June 13, 1928.

Error to Stark Appeals.

Judgment affirmed.

**587. GUARANTY—362 Debtor and Creditor.**

1. Acceptance of goods, in full payment of debt, held to release guarantor.

2. Transaction, resulting in release of principal debtor, held to release guarantor.

**JONES, J.**

1. If a creditor accepts goods in full payment of a debt owing him by his debtor and executes a written release of the debt to the debtor, one who guarantees the payment of the debt is also released from his obligation as guarantor of the debt.